If it pleases the court, Thomas Alcon on behalf of the appellant, Vincent Cogliani. This appeal appears to raise two constitutional issues, that involving Article 3, Case in Controversy, and the Fifth and Fourteenth Amendments involving due process. With reference to Case in Controversy, I should like to cite to the court, or read to the court, a United States Supreme Court decision in Northeastern Contractors of Florida v. Jacksonville, which has been cited in the amicus brief. In Northeastern, the Supreme Court, at page 663, stated the following, and I should like to read it to the court. It has been established by a long line of cases that a party seeking to invoke a federal court's jurisdiction must demonstrate three things, and I'll be concerned with the first. Injury in fact, on which we mean an invasion of a legally protected interest. Certainly, reputation is a legally protected interest. However, prudentially, the courts have put a restriction on the very word injury that I just recited. I can only assume this was to stop every time a trial judge criticized a lawyer, he would claim it was an injury to his reputation he wanted to bring to the media. This was much more than criticism. This was much more than criticism. It was a judicial finding of misconduct. I think in this case, sir, it went more than criticism. That's what the question just suggested. Yes, sir. And not only was there a finding, there was also the commencement of process against Mr. Polianyi as well. Yes. So you really have those two aspects. Yes. And of course, and Your Honor, over the years, the courts evolved the term, prudentially, for sanctions involved. And apparently, that was going to be the term to decide whether there was an injury. And finally, through various court rulings that I'm sure this court is aware of, the question became, is it a sanction without the imposition of sanctions? I believe this court— Are you addressing a jurisdictional issue? Are you addressing a jurisdictional issue? Yes. The first jurisdictional issue, because it was raised in the appellee's brief that this court lacked jurisdiction because there was not a case in the country— Mika says you don't have standing. Exactly. And standing, to me, was the word for jurisdiction, sir. Now, as I said, whether sanction can occur without sanctions, this court in Bowers answered that affirmatively. They pointed out, among other things, that a public reprimand certainly rises to the level of a sanction. And they cited other cases, including, if I may, in Bowers, at 543, Walker v. The City of Mesquite, Texas, and Sullivan v. The Committee of Admissions and Grievances. And in both those cases, the court totally rejected the argument that there had to be the imposition of sanctions before there would be a sanction. Thus, public reprimand is sufficient. Yes, sir. And in particular, in this case, of course, it was public because the judge refused to seal that order and referred the matter to the Virgin Islands Bar. And referred the matter to the Virgin Islands Bar Association. Which is what I was referring to when I said, not only do you have the finding, you have the commencement of process of some kind against Mr. Kruger. I so understood you, Judge. I think the notice issue is a little bit more— the process is more interesting than the jurisdictional issue. All right. Then we get the due process. Oh, and by the way, in a prior hearing before this court where we attempted an interlocutory appeal and it was determined to be premature, and the court said we reluctantly dismissed the appeal. But interestingly, in the Third Circuit's opinion, which I thought I had right in front of me. Yes. At page—appellant's brief page 80, the court said the following. The issue presented is whether the district court erred in imposing a sanction. However, I should also advise the court that later on in the opinion, Judge Stapleton said, we've assumed for purposes of this case that it's a sanction. But indeed, I think it rises to the level of— When all three members of the panel suggest they'd like to hear about due process, I think they really, really— Oh, sorry. Okay, here I go. What was the end over there when you gave the answer? I'd be delighted to. When Magistrate Judge Cannon was told that there was some contact with the juror, we have no quarrel when he sent out an order saying to counsel, I'm going to hold a hearing to find out what this is all about. And when he opened the hearing, he said, I'm particularly interested in this hearing to find out the intention of counsel. Probably a good idea. You thought it was okay to call a hearing the very same day that the infraction occurred just to bring everybody into the courthouse and commence a hearing? You say you have no problem with that? If I answered your question May 9th and he scheduled the hearing for the 13th, did I answer you? Okay, no, I— So they have the hearing. And that's an inquiry. That's okay. We have no quarrel what was done to that stage. It's the post-hearing action of the Magistrate Judge that has troubled us. Did the Magistrate Judge also provide an opportunity, in addition to or supplemental to the evidentiary hearing, to provide some kind of written submission if Mr. Kolianyi wishes to do so? Absolutely. And that written submission would have been in conformity with the judge's statement. I want to know what happened. I don't follow you. He scheduled the hearing, invited the parties to come in. You have no problem with that at all? That's sufficient for notice of the charges that are going to be considered? That's sufficient to advise that you may represent yourself by counsel? It was sufficient to let the other side know that you may be sanctioned when you come in? You have no quarrel with that? No, only if it's going to be an inquiry. Unfortunately, the Magistrate Judge turned it into an adjudicatory proceeding when he issued his order. Indeed, the defense counsel who attended the hearing, which was supposed to be just an inquiry, said, I don't know what this is all about, Judge. I don't know what it's all about. So take a look at my client. He's been told by the judge, the jurors contacted us. Let me know what happened. He answered that. And if the Magistrate Judge, pursuant to local rules of the District Court of the Virgin Islands, if he had followed that Rule 83, if he was satisfied that indeed, it seems to me there's enough here involving a potential violation of a code of conduct, I'm going to send it up to the Chief Judge. And under the grievance rules, the Chief Judge makes a determination at that stage whether it should go even further. And if the Chief Judge so finds, he sends it down to the Grievance Committee. But Judge Cannon made it adjudicatory. He said, I had a finding. And can you imagine if the court please, members of the Bar, if the judge said he wanted to see this, there was a hearing, a memorandum issue, and the judge found Mr. O'Connor. One second. Is it your point that he could not do what he did unless he provided notice and be more specific about the conduct of the proceedings and the nature of the proceedings? Or is it your point that he was wrong in converting it from an inquiry to a hearing? I'm having some trouble following your argument. Thank you. What I'm saying is we're not worried, we're not concerned about him just calling in counsel and making an inquiry as to what happened. It was the order that he issued that is the subject of this appeal. You started out saying this is a Fifth Amendment and a Fourteenth Amendment constitutional issue, but I haven't heard you mention the Fifth Amendment or the Fourteenth Amendment in your argument. There was no due process if, in fact, my client was not notified of the charge, he was not notified that it would be a hearing to determine if there had been a violation of any specific . . . But isn't that the nature of an inquiry? For me, when you said it's okay if it's an inquiry, if it's an inquiry without the opportunity for the other side to bring into that inquiry his position, I mean, is that an inquiry? Is that a start chamber procedure? Why is it okay if it's merely an inquiry unless the person whose conduct is being inquired into has an opportunity to defend himself in that inquiry? In fact, inquisitional versus adjudicated doesn't seem to mean a matter if you have an inquiry and then you adjudicate based upon that inquiry unless there's something in that inquiry that makes it fair. Yes, Your Honor. We don't understand that we go there on that date that the judge is going to make a finding. Okay. Well, there was an opportunity, as was mentioned earlier, to submit additional . . . to make additional written submissions. Is that right? But that never came? Were the written submissions ever attended to the court? The written submissions, sir, were in response to the judge's statement, what happened that day and what was your intention. It was not directed to defending an accusation. So that I'm clear, there were written submissions made by Mr. Kalyani but not by the three persons who were there present who heard the conversation in his office. Is that right? Sure. Okay. Is that right? I'm not . . . Right. Okay. But he could have gotten letters or affidavits from those three witnesses, right? He could have submitted affidavits from those three witnesses. You're saying he didn't understand that that was the burden being put on him by the court? Well, the juror wasn't there so that he could confront the juror. He was not able to bring his witnesses because, if the record reflects, it was a speaker and he had two witnesses for the conversation. The juror was never there to be questioned. He did not understand this to be . . . You're not suggesting the juror be hauled in? Pardon me? You're not suggesting or is it the juror be hauled in? Well, if you're going to charge him with a violation of improper conduct with the juror, he ought to have the right to question that juror. I thought your argument was in the brief that this thing was wrong from the very beginning, right? From the very start. Okay. Whether you want to call . . . I accept that. Whether you want . . . I accept that. Good argument, Judge Fuentes. Thank you. The very . . . Send him a bill. All right. Thank you. Once he had noticed that there was a possible violation of a canon of professional conduct, he should have immediately followed the procedures directed by the local rules of the District Court of the Virgin Islands and sent that up to the chief judge who would then thereafter take charge of it. That, of course . . . What do you want us to do? Assuming we find a violation of some kind, due process or otherwise, what do you want this panel to do? Thank you. I would respectfully request that this court issue an order reversing the order of Magistrate Judge Cannon and directing that if further proceedings are to take place, it shall be in full conformity with the procedures outlined in the local rules of the District Court 83. All right. Thank you very much. Thank you.     Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Would you please support AUSA Jeannette Melenez on behalf of the United States? Miss Melenez, before I forget, I want to thank you very much for your willingness to appear here as a witness. I want to thank you for taking the time to . . . even though it is an order. Yesterday we had a discussion in a very different context about the illusory nature of some court orders, but we've got to thank you for taking the time to come in and prepare this and thank you also for allowing me to do it. It's my pleasure. Thank you. Representing the United States and defending the May 27, 2008 order of the magistrate judge in the district court case that is issued in this appeal. First off, and first and foremost, as far as the United States maintains, the appellant has no standing to pursue this appeal because the judge's order imposed no sanctions. Why isn't it almost worse than . . . it may be that an attorney would prefer a fine of $10 than a judicial declaration of misconduct. If I were a practicing attorney, I would much rather pay five bucks than have some judge tell the world that I am engaged in misconduct. The same quote from O'Sullivan, who wrote this for me in my good name, still is that which enriches him not and needs me for indeed. Why isn't that sufficient for a sanction? It's not sufficient for a sanction, I believe, because for . . . I mean, it would be similar if he had said I'm imposing a fine of $5, that in fact would have been a finding on its own and it would say that he was finding misconduct. What if the court didn't make a finding but just said I am personally offended by your Now, in that, there's not a technical finding of misconduct, just the lawyer did something. It appealed the judge. Maybe the judge was having a very bad day. Maybe the lawyer did nothing wrong at all. But there's a sanction of $5, a fine of $5. He's saying that $5 fine is a sanction even absent any declaration of misconduct. But when the judge tells the world the attorney is guilty of misconduct, that doesn't . . . Whether you call it a sanction or not, why doesn't it rise to the level of a sufficient redressable injury to allow somebody to come into court and challenge his or her good name? Because the judge in his order specifically states that he's not finding . . . that he's not even making a reprimand by his order. That he's simply referring it to the bar for their own investigation. But by making the focus whether or not this is a sanction, using that word, aren't we, or you, framing the inquiry incorrectly? By definition, the standing issue requires injury in fact, right? You've raised a jurisdictional question. You've explicitly raised standing. And as Judge McKee's last question invoked the word injury, injury in fact is the test under Lujan and other cases of the Supreme Court. So why isn't what occurred here sufficient to rise to injury in fact? We believe that it doesn't rise to injury in fact because it doesn't rise to . . . First of all, the judge specifically stated that he was not even reprimanding the attorney. So we don't believe that there was any injury . . . That finding isn't just something, however, that's going to never see the light of day, is it? In fact, the magistrate chose not to seal, which would have been required had appropriate procedures been followed. So you have a finding effect. No, Your Honor. It's more than just words on paper, right? And it wasn't sealed. And, Your Honor, but just as in asking, in answering the question of what the court should do, appellant's response showed us that the injury does not rise to something that this appellate court can remedy with a favorable decision because it's the same, no matter what you rule, the same process is going to take place. Well, but if we were to find that the finding . . . if we were to hold the finding of misconduct was rendered improperly so that it basically tells the world, ignore that finding of misconduct. That's something you can . . . If the word was put under seal, you may be absolutely right. But the fact is out there for the world to see. My clerk found the order. She told me in about 30 seconds. She just Googled the name. First thing that pops up is the order of misconduct. So it's out there. And this is in Philadelphia, Pennsylvania, far away from the Virgin Islands. She found it very easily. And she even misspelled his name. Google suggested the correct name. She clicks on that and it pops up. So why isn't that the kind of damage that we could reverse by telling the world that finding of misconduct was improperly rendered and should be ignored? Well, because I believe that . . . I believe that it also . . . that the judge also could have proceeded and appeared to be proceeding simply under the ABA model rules. And under Rule 8.3, the judge as an attorney himself had the obligation, after hearing the arguments and facts in the case, to refer . . . to do simply what he did, refer the case for further investigation by the bar. But there was a finding of misconduct by the magistrate judge, wasn't there? Yes. He does state that he found . . . that he believed that the attorney engaged in misconduct. But what would be the purpose of the bar's investigation? You've got a judicial finding already, which is . . . But absent that . . . and I don't mean to bias the Virgin Islands Bar by that. I've got one particular person in mind who doesn't seem to take the status of judge very seriously. Once the judicial finding is made, what is left? The Virgin Islands Bar Association may get an order or a suggestion, however it works. They conduct an investigation. I assume the investigation is to determine whether or not there's been misconduct. That's already been determined by a judge. However, Your Honor, if the magistrate is referring it simply under Rule 8.3, the NBA Rule 8.3, then what he's doing is referring it to the bar for their 83.2 hearing to conduct a full-blown hearing. But he could have said in that order, rather than making a finding, a term of art for which we all know the definition and import. He could have said there is evidence that shows or a prima facie case even has been made. But he made an actual finding. As a practical matter, we know the VI Bar Association, in whatever disciplinary process it pursues, isn't going to just ignore a judicial finding, as I suggested before, by a federal magistrate judge. There is enormous weight, at least, that that finding is going to carry in that subsequent process. I agree, and I believe that it could have just – that perhaps the magistrate's wording of the order could have been better and similar to that effect because I believe that perhaps he was considering that in a full-blown hearing, more evidence could come out that would be conducted by the bars. All the witnesses could be heard. And he, in fact, perhaps could have been called as a witness himself because he heard the conversation. He was spoken to by the juror. He heard the phone call immediately after it happened. So that would explain why he did not want to proceed under the 83.2 and instead only proceeded under the model rules and then said, and I'm not going to make a finding, essentially, I think is what he had hoped to convey, because I'm not going to disbar. I'm not going to suspend. I'm not even going to reprimand. I'm just going to refer all this to the local bar to decide because I could myself be called as a witness so they can listen to the entire determination. I think because of the immediacy of the issue where the juror stated that he or she had been contacted and that the attorney intended to contact other jurors, the judge felt that he needed to deal with this right away. Was there some suggestion the attorney intended to contact other jurors after he reached – he tried the foreperson unavailable and he finally called this woman because that's the first person he found after the foreperson was unavailable. But there's no suggestion after this juror's reaction he was trying to call somebody else. He said that he discontinued the phone call immediately after he sensed from this woman that she was feeling uncomfortable. It lasted about 60 seconds, apparently, which kind of slides into a discussion of the merits and whether or not this constitutes harassment under 2.5C, and we can get into that. But maybe we should – I don't want to – let me have Judge Fuentes ask this question. Let me come back to how this could possibly be a violation of 2.5C. I was following up on your jurisdiction argument, and I was just going to ask pointedly that doesn't the magistrate judge's finding that counsel engaged in misconduct amount to a public recommend? And would that – if we were to consider it to be a public recommend, doesn't that give us jurisdiction? If this court were to determine that it was some sort of injury to the appellant's reputation, then yes, it could be – there would be jurisdiction. However, again, if we pursue to the next level, even if it is determined that a sanction or injury to reputation was involved, this court would review the order for abuse of discretion. And in that regard, it would need to be – they would need to find that either the judge's factual findings, legal conclusions, or choice of, quote-unquote, sanctions were clearly erroneous. And the United States asserts that that certainly wasn't the case in this matter. As far as notice, the judge – well, first of all, in regard to the hearing itself, the district court has the discretion to determine the nature and extent of these types of hearings where there's allegations of juror – Yeah, I get the impression that Colliani was blindsided completely. He just stepped into a courtroom that was a – He filed a letter. Yeah. I mean, if an attorney knows that he's about to be publicly reprimanded and accused of misconduct, that attorney assumes to me should have at least the benefit of notice of what he is going to face as well as opportunity to represent him or herself. None of that occurred. I mean, the results might have been totally different if he had somebody there with him to represent him and to argue that there was no violation under Virgin Islands Code of Attorney Conduct. First of all, Your Honor, the United States maintains that he was given notice and that when the judge called the two attorneys into the chambers, he said to them, nobody contact any more jurors. So that put him on notice that something was wrong and that he had been contacted by a juror saying that he had been contacted. There is no prohibition in contacting jurors, is there? No, but the fact that he indicated that nobody else don't contact any more jurors indicated that at least the judge was concerned that something had been done wrong. My question was, Coliani did not violate Virgin Islands Code of Conduct for attorneys, didn't he? There is no specific prohibition in the Code of Conduct against contacting attorneys. Now, there are certain guidelines. Once the juror says, I don't want to talk to you, you have to stop and things like that. But there really was no violation, was there? That remains to be determined in that the judge was proceeding under Model Rules 3.5C and not the local model rules. Well, let's look at 3.5C because the judge has already made a determination there was a violation. It can't be 3.5.1 which says that communication is prohibited by the court. You can't contact jurors. There was no prohibited prohibition in that. Subsection 2 is the jurors made known to the lawyer and decided not to communicate, but that didn't happen throughout the communication. It must be subsection 3, so 3.5C, which says you can't contact the juror when the communication involves misrepresentation, coercion, duress, or harassment. It looks like the court focused on the term harassment because of the juror's reaction to what the lawyer said. But given the representation about what happened during the course of the cell phone call and nothing in the letter contradicts Mr. Coriani's representation, how is it harassment? Clearly, the juror felt harassed and the judge— What is harassment? Black's Law Dictionary says that harassment is specifically when a person feels annoyed, alarmed, or caused substantial emotional distress in that person and serves no legitimate purpose. Now, let's focus on the no legitimate purpose. He thought, the attorney thought, there was a problem with the jury, with the way the jury calculated the damages and wanted to inquire. Now, maybe that's wrong, bad judgment. Maybe you should have contacted the judge first or filed a motion, but can you say that serves no legitimate purpose? And given the short nature of the phone call, is it fair to say that the call caused substantial emotional distress? Then we get into whether that's objective standard or subjective standard. I believe that it was within the judge's discretion to make that credibility call based on the tone and the content of the call from the juror and whether or not the judge determined there was any legitimate purpose to the call or the juror felt that there was any legitimate purpose to the call. The harassment—the harasser can say, I didn't intend to harass anybody, but if the person feels harassed and a reasonable person would feel harassed, then I think it meets that standard and it was within the judge's discretion to determine whether it met a reasonable person's standard. Okay. Well, we can hear from Mr. Archon right on, but I would add this. Black Law Dictionary adds to that definition. The conduct must usually be repeated or persistent and positive in order to rise to the level of harassment. Let's hear from Mr. Archon. He deserves some time for a rebuttal, I think. Maybe not. Two minutes? Ms. Millett, thank you again. Very quickly, Your Honor. My argument is that immediately upon hearing from the juror, the judge should have followed the procedures of the local rules of the district court and forwarded the matter to the chief judge for further activity. Certainly, the means are so important to the ends that we try to reach and the means employed once you hear of the potential violation of the code of conduct, of professional conduct, is to follow the local rules of the district court of the Virgin Islands, period. One last comment, if I may. Judge Smith, as you pointed out on the standing issue, we keep talking about the word sanctions when the word is injury in fact. It was my understanding, sir, that the courts have long agreed a disparagement of reputation is an injury in fact, but prudentially they didn't want to hear every time a judge has criticized an attorney that that made it a case in controversy, so they set up the concept of sanctions. I hope I've answered. All of us have worked on the word sanction rather than injury in fact, but it's the due process argument, Judge Fuentes, that we criticize. Thank you very much. Thank you. I think, Matt, under the horizon that we think, everyone's a very helpful argument.